IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

    Petitioner,

v.   No. 2:20-cv-1292-KWR-SMV

DWAYNE SANTISTEVEN,
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Kevin Ogden's Fourth Habeas Petition Under 28 U.S.C. § 2254 (Fourth Petition) (Doc. 1). Ogden is incarcerated and proceeding *pro se.* He challenges his 1994 state convictions for murder and firearm violations. Because the Court lacks jurisdiction to consider successive habeas petitions without prior authorization from the Tenth Circuit, the Fourth Petition will be dismissed without prejudice.

### BACKGROUND

The following background facts are taken from the Fourth Petition, the State Court docket, and the prior federal habeas filings. *See* Doc. 1; Case No. D-1116-CR-9200455; *Ogden v. Bravo,* 35 Fed. App'x 722, 723 (10th Cir. Jan. 28, 2002). The state and federal dockets are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 1994, a jury convicted Ogden of first-degree murder of a community service officer and three counts of possessing a firearm as a felon. *See* Doc. 1; *Ogden,* 35 Fed. App'x at 723. The State Court sentenced Ogden to life imprisonment on the murder count and additional time on each of the firearms counts. *Ogden,* 35 Fed. App'x at 723-724. His convictions were affirmed on direct appeal to the New Mexico Supreme Court (NMSC). *Id.* He then filed a state habeas petition, asserting forty-one claims of error, which was denied in March of 2001. *Id.*

On June 5, 2001, Ogden filed his first 28 U.S.C. § 2254 habeas petition in this Court. *See* Doc. 1 in 01-cv-658 JAP/RLP (First Petition). The Court (Hon. James A. Parker) denied the First Petition with prejudice, and the Tenth Circuit affirmed. *See* Docs. 13-14 in 01-cv-658 JAP/RLP; *Ogden,* 35 Fed. App'x at 726. Ogden filed his second § 2254 petition on December 19, 2005. *See* Doc. 1 in 05-cv-1316 JB-WPL (Second Petition). The Court (Hon. James O. Browning) transferred the Second Petition to the Tenth Circuit, in the interest of justice, so that Ogden could seek permission to raise a second/successive habeas claim under 28 U.S.C. § 2244. *See* Doc. 4 in 05-cv-1316 JB-WPL. However, the Tenth Circuit dismissed the matter the following year for failure to prosecute. *See* Doc. 5 in 05-cv-1316 JB-WPL. Ogden filed his third § 2254 proceeding eight years later, on February 18, 2014. *See* Doc. 1 in 14-cv-154 RB-LAM (Third Petition). The Third Petition acknowledged the limitation on successive habeas claims and sought permission to prosecute a new § 2254 action. The Court (Hon. Robert C. Brack) dismissed the Third Petition without transferring the matter to the Tenth Circuit. *See* Docs. 2-3 in 14-cv-154 RB-LAM

Ogden filed the instant Fourth Petition on December 14, 2020. *See* Doc. 1. As in the prior petitions, he challenges his 1994 state convictions. *Id.* at 18. Ogden asks the Court to dismiss his convictions and charge the state prosecutor with attempting to murder him, or

2

alternatively, grant a new appeal with the New Mexico Court of Appeals. *Id.* at 27. He raises habeas claims for, inter alia, ineffective assistance of trial counsel; ineffective assistance of appellate counsel; instructional error; lack of probable cause for the arrest; insufficient evidence for the convictions; improper use of other bad acts as an aggravating circumstance; evidentiary errors; and failure to sever the firearm charges. *Id.* at 1-17. The Fourth Petition attaches certain appellate filings from the 1990's along with Ogden's most recent certiorari petition in the NMSC. The Fourth Motion is ready for *sua sponte* screening under Habeas Corpus Rule 4.

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a state inmate's first 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2254(a); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a successive § 2254 motion in the District Court. *See* 28 U.S.C. § 2244(b)(3) ("Before a … successive [habeas] application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the petitioner files a successive § 2254 petition without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or

if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  A § 2254 petition is typically time-barred unless it is filed within one year after the criminal judgment becomes final.  *See* 28 U.S.C. § 2244 (d).  The one-year period can be extended where the state impedes the federal filing, the Supreme Court recognizes a new right, or the factual predicate of the claim could not have been discovered through due diligence.  *Id.*

Considering the above factors, a transfer is not in the interest of justice.  Ogden filed the Fourth Petition 26 years after entry of his criminal judgment.  Even accounting for time spent on direct appeal and in state habeas proceedings, the claims are time-barred.  Ogden appears to believe that, because the NMSC denied certiorari review in connection with his latest state petition on November 12, 2020, he can file another timely habeas petition.  However, "[a] state court [habeas] filing submitted after the ... [one-year habeas] deadline does not toll the limitations period."  *Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006).  *See also Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) (same).  The Fourth Petition is also not based on any new Supreme Court law or newly discovered evidence.  While Ogden includes a one-line allegation that he could not have discovered the factual predicate for his claims sooner, his arguments are all based on defects that occurred at trial or on direct appeal, *i.e.,* during the 1990's.  The Court is further persuaded that the lack of jurisdiction was clear at the time of filing, as this is Ogden's fourth § 2254 proceeding.

For these reasons, the Court declines to transfer the Fourth Petition to the Tenth Circuit and will instead dismiss this matter for lack of jurisdiction.  The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only

issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Petitioner Kevin Ogden's Fourth Habeas Petition Under 28 U.S.C. § 2254 filed December 14, 2020 (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**