IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

    Petitioner,

v.                                                                                  No. 2:20-cv-01292-KWR-SMV

DWAYNE SANTISTEVEN,
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Kevin Ogden's Motion for Relief from Order Denying Certificate of Appealability (Doc. 9, supplemented by Doc. 10) (Motion). Ogden is incarcerated and proceeding *pro se*. He challenges the dismissal of his fourth 28 U.S.C. § 2254 petition as an unauthorized successive habeas filing. For the reasons below, the Court will deny Ogden's arguments for reconsideration and dismiss any additional successive habeas claims.

## BACKGROUND

The following background facts are taken from the § 2254 petition filed December 14, 2020 (Fourth Petition), the State Court docket, and the prior federal habeas filings. *See* Doc. 1; Case No. D-1116-CR-9200455; *Ogden v. Bravo,* 35 Fed. App'x 722, 723 (10th Cir. Jan. 28, 2002). The state and federal dockets are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records"); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 1994, a jury convicted Ogden of first-degree murder of a community service officer and three counts of possessing a firearm as a felon. *See* Doc. 1; *Ogden,* 35 Fed. App'x at 723. The

State Court sentenced Ogden to life imprisonment on the murder count and additional time on each of the firearms counts. *Ogden,* 35 Fed. App'x at 723-724. His convictions were affirmed on direct appeal to the New Mexico Supreme Court (NMSC). *Id.* He then filed a state habeas petition asserting forty-one claims of error, which was denied in March of 2001. *Id.*

On June 5, 2001, Ogden filed his first 28 U.S.C. § 2254 habeas petition in this Court. *See* Doc. 1 in 01-cv-658 JAP/RLP (First Petition). The Court (Hon. James A. Parker) denied the First Petition with prejudice, and the Tenth Circuit affirmed. *See* Docs. 13-14 in 01-cv-658 JAP/RLP; *Ogden,* 35 Fed. App'x at 726. Ogden filed his second § 2254 petition on December 19, 2005. *See* Doc. 1 in 05-cv-1316 JB-WPL (Second Petition). The Court (Hon. James O. Browning) transferred the Second Petition to the Tenth Circuit, in the interest of justice, so that Ogden could seek permission to raise a second/successive habeas claim under 28 U.S.C. § 2244. *See* Doc. 4 in 05-cv-1316 JB-WPL. However, the Tenth Circuit dismissed the matter the following year for failure to prosecute. *See* Doc. 5 in 05-cv-1316 JB-WPL. Ogden filed his third § 2254 proceeding eight years later, on February 18, 2014. *See* Doc. 1 in 14-cv-154 RB-LAM (Third Petition). The Court (Hon. Robert C. Brack) dismissed the Third Petition without transferring the matter to the Tenth Circuit. *See* Docs. 2-3 in 14-cv-154 RB-LAM

Ogden filed the Fourth Petition on December 14, 2020. *See* Doc. 1. This Court dismissed for lack of jurisdiction. *See* Doc. 2 (2021 Dismissal Ruling). By an Order entered May 3, 2021, the Tenth Circuit affirmed and denied a certificate of appealability. *See* Doc. 8 (Tenth Circuit Order). Ogden filed the instant Motion seeking reconsideration on July 29, 2021 along with a supplement on September 23, 2021, and the matter is ready for review.

## DISCUSSION

The Motion primarily seeks relief under Fed. R. Civ. P. 60(b) from the most recent Tenth

Circuit Order. Ogden argues the Tenth Circuit Order was substantively incorrect and that the Tenth Circuit failed to consider certain exhibits on appeal. *See* Docs. 9, 10. The Tenth Circuit has jurisdiction to reverse federal district courts. *See* 28 U.S.C. § 1291. There is no authority permitting this Court to disturb an appellate ruling. Accordingly, no relief is available from the Tenth Circuit Order.

Construed liberally, the Motion also appears to seek reconsideration under Rule 60(b) of this Court's 2021 Dismissal Ruling. Rule 60(b) relief is available in § 2254 proceedings, but it "cannot be used to circumvent restraints on successive habeas petitions." *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). When a Rule 60(b) motion follows a habeas ruling, courts scrutinize whether the requested relief is tantamount to a second or successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, ... or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16. In the case of a mixed pleading, the Rule 60(b) allegations must be considered separately from the successive habeas claims. *Id.* at 1217,

The Motion here contains a mixture of Rule 60(b) allegations and successive habeas claims. As to Rule 60(b), Ogden contends his Fourth Petition should not have been dismissed because, inter alia:

(a) Dismissing a petition based on procedural defects rather than address the merits constitutes "fraud on the court;"

(b) Section 2254 is illegal, and the Supreme Court law permitting procedural dismissals is wrong;

(c) The Fourth Petition made a substantial showing of a constitutional violation based on various defects in the 1994 state conviction; and

(d) The Fourth Petition was not second or successive because the prior dismissal rulings were based, in part, on procedural defects and failed to address all 41 claims for relief.

*See* Docs. 9, 10.

None of these arguments establish an entitlement to relief under the relevant subsections of Rule 60(b), which address mistake, excusable neglect, fraud, and extraordinary circumstances that "offend[] justice."   *See* Fed. R. Civ. P. 60(1), (3), (6); *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005) (defining the catchall-clause in Rule 60(b)(6)).   Ogden also argues he is entitled to relief from the 2021 Dismissal Ruling based on newly discovered evidence under Rule 60(b)(2).   He points to defects by state appellate counsel and notes he did not initially have library access to research the issue.   Such allegation challenges the underlying conviction, as set forth below, and does not implicate Rule 60.   Ogden's request to set aside the 2021 Dismissal Ruling under Rule 60(b) is therefore denied.   To the extent his supplemental filing seeks to reframe his arguments as a raising a clerical mistake under Rule 60(a), such relief is also denied.   *See* Doc. 10.

Ogden's remaining arguments attack the underlying conviction and therefore constitute successive habeas claims.   He asks the Court to vacate his sentence because: the state court lacked jurisdiction over his criminal case; the state appellate court applied the wrong law; and state counsel

was ineffective.  *See* Doc. 9 at 20-24.  Ogden also contends he is actually innocent of the murder because there was no probable cause for his arrest and because the victim was not a police officer. *Id*.  The Court has already explained that it lacks jurisdiction over successive habeas claims filed without Tenth Circuit authorization.  *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). District Courts can transfer unauthorized successive habeas claims to the Tenth Circuit, rather than dismissing the matter for lack of jurisdiction.  However, there are no grounds for a transfer here. Ogden is not acting in good faith; the conviction is over 25 years old; he did not – as he asserts – receive the death penalty; and he already received a merits-review of all exhausted habeas claims. *See Ogden v. Bravo*, 35 Fed. App'x 722, 725 (10th Cir. 2002).

For substantially the same reasons in the 2021 Dismissal Ruling, the Court will dismiss any successive habeas claims for lack of jurisdiction.  The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Ogden's Motion for Relief from Order Denying Certificate of Appealability (**Doc. 9, supplemented by Doc. 10**) is **DENIED**; any successive habeas claims are **DISMISSED WITHOUT PREJUDICE**; and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

5